UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA PANDOS, | Case No. 2:23-cv-2111-DJC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| JOHN AND JANE DOES, | |
| Defendants. | |

Plaintiff, proceeding without counsel, filed a complaint together with a motion to seal. ECF Nos. 1 & 2. Plaintiff's motion neither complies with Local Rule 141, which governs the sealing of documents, nor demonstrates that sealing the complaint is appropriate. ECF No. 2. Accordingly, her motion to seal will be denied.

Courts have recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file a document under seal "bears the burden of overcoming this strong presumption by" articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring

1

1 | disclosure . . . ." *Id.* (citations omitted).

2 | Under the court's local rules, "[d]ocuments may be sealed only by written order of the Court, upon a showing required by applicable law." E.D. Cal. L.R. 141(a).  A party seeking to file documents under seal must submit a Request to Seal Documents, which "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b).

Plaintiff contends that her complaint should be sealed be it relates to "[n]ational security concerning private proprietary information that cannot be revealed" to the public.  ECF No. 2. Plaintiff's conclusory position does not provide an adequate justification for her request to seal her complaint.  Furthermore, she has neither complied with the court's local rules for obtaining a sealing order nor set forth any statutory or case authority as a basis for filing her complaint under seal.  Her request to seal is denied.

Plaintiff will be provided fourteen days to file a proper request to seal her complaint that complies with the court's local rules.  Should plaintiff fail to timely file such a request, I will recommend that the complaint be stricken, and the Clerk of Court be directed to return the complaint to plaintiff and close the case.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to seal, ECF No. 2, is denied.

2. Within fourteen days of the date of this order, plaintiff shall file a request to seal her complaint that is in compliance with the court's local rules.

3. Failure to comply with this order will result in a recommendation that plaintiff's complaint be stricken, and the Clerk of Court be directed to return the complaint to plaintiff and close the case.

IT IS SO ORDERED.

Dated:    November 12, 2024                     /s/ Jeremy Peterson

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE